UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| SONY ELECTRONICS INC. and SONY CORPORATION,<br><br>　　　　　　*Plaintiffs*,<br><br>v.<br><br>SRS LABS, INC.,<br><br>　　　　　　*Defendant*. | 07 CIV 6248<br><br>Civil Action No. 07-CIV____ |

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiffs Sony Electronics Inc. ("SEL") and Sony Corporation ("Sony Corp.," and, collectively with SEL, "the Sony entities"), for their Complaint against SRS Labs, Inc. ("SRS"), allege based on personal belief as to themselves and on information and belief as to the conduct of SRS, as follows:

*The Parties*

1.　SEL is a corporation organized and existing under the laws of the State of Delaware and has places of business in the State of New York and elsewhere. SEL is a wholly-owned subsidiary of Sony Corporation of America, which itself is incorporated in the State of New York, and is headquartered in New York City. Sony Corporation of America is a wholly owned subsidiary of Sony Corp.

2.　SEL, among other things, markets and sells in the United States consumer electronics products, including flat screen televisions having a virtual surround sound feature known as S-Force™ technology.

3. Sony Corp. is a corporation organized and existing under the laws of Japan and is headquartered in Tokyo, Japan.

4. Sony Corp., among other things, manufactures and imports into the United States, directly or indirectly through wholly owned subsidiaries, consumer electronics products, including flat screen televisions having a virtual surround sound feature known as S-Force™ technology.

5. SRS is a corporation organized and existing under the laws of the State of Delaware and has a place of business in Santa Ana, California. SRS develops and provides audio technology for use in consumer electronic products.

### *Nature of Action*

6. This is an action seeking a declaratory judgment that the Sony entities' manufacturing, importing, marketing and selling of flat screen televisions incorporating S-Force™ technology does not infringe any valid, enforceable trademark, copyright, or patent owned by SRS.

### *Jurisdiction and Venue*

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that it involves claims arising under the United States Trademark Act, 15 U.S.C. § 1051 *et seq.*, Copyright Act, 17 U.S.C. § 101 *et seq.* and Patent Act, 35 U.S.C. § 1 *et seq.*

8. This Court may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is an actual and justiciable controversy between the Sony entities and SRS that is within the Court's jurisdiction with

respect to whether the Sony entities' manufacturing, importing into the U.S., marketing and selling of flat screen televisions having S-Force™ technology infringe any valid, enforceable trademark, copyright or patent owned by SRS.

9.  Personal jurisdiction is proper because, upon information and belief, SRS has continuous and systematic contacts with New York and regularly and purposely availed itself of the laws and benefits of New York by promoting audio technology and related licenses to New York residents and business entities, by regularly doing and transacting business with New York residents and business entities, and by entering into patent, trademark, and copyright license agreements both with New York business entities and in this judicial district, and also with companies that sell products extensively in this judicial district under those licenses, from which substantial revenue is derived by SRS.

10. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) because SRS is subject to personal jurisdiction in this district.

***Actual Controversy***

11. The Sony entities are world-wide leaders in consumer and business electronics and, among other things, manufacture, market, and sell flat screen televisions that include a virtual surround sound feature known as S-Force™ technology.

12. In an undated letter to Sony Corp., received on or about June 11, 2007 (attached as Ex. A), Alan Kraemer, Executive Vice President and Chief Technology Officer of SRS Labs, Inc., alleged that Sony's S-Force™ technology "appears to infringe multiple SRS patents" and that Sony's products incorporating this technology "include SRS technology recited in patents held by SRS Labs." The letter further indicated that the

"graphic and textual content" of Sony's website "may constitute copyright and trademark infringement," including infringement of "specific SRS trademark(s)."

13. The Sony entities are unaware of any violations of SRS's patents, trademarks or copyrights, and have no reason to believe they have committed any such violation.

14. SRS's accusations have created a substantial controversy between the Sony entities and SRS, parties with adverse legal interests, concerning the Sony entities' S-Force™ technology of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

### *Count I (Declaratory Judgment of Trademark Non-Infringement)*

15. The Sony entities incorporate by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 14 of this Complaint.

16. The Sony entities have been manufacturing, importing into the U.S., marketing and selling flat screen televisions having a virtual surround sound feature known as S-Force™ technology which bear, either on their face or in associated product literature or marketing materials, an S-Force™ logo.

17. By reason of the actual and substantial controversy between the Sony entities and SRS, the Sony entities are entitled to a declaratory judgment that their use of the S-Force™ logo, or their use of any other related graphic or textual content in SEL product literature or on the Sony website, in connection with the Sony entities' flat screen televisions, does not infringe any valid trademark rights SRS may have, including, but not limited to, SRS's rights to the SRS logo.

### Count II (Declaratory Judgment of Copyright Non-Infringement)

18. The Sony entities incorporate by reference, as fully set forth herein, the allegations contained in paragraphs 1 through 17 of this Complaint.

19. The Sony entities have generated marketing and product literature associated with its flat screen televisions that include S-Force™ technology which indicates that:

> S-Force™ Front Surround is a virtual surround sound experience made possible using just two front speakers in select BRAVIA models. To accomplish this, Sony spent several years studying how our ears work. By understanding exactly how we recognize the origin, direction, volume and timing differences in sound right and left ear, Sony was able to create complex audio processing that delivers dynamic virtual surround sound without the need to bounce sound off walls and back to the listener.

20. By reason of the actual and substantial controversy between the Sony entities and SRS, the Sony entities are entitled to a declaratory judgment that the graphical and textual content utilized in marketing and product literature and on the Sony website in connection with the Sony entities' flat screen televisions that include S-Force™ technology, including that referenced in paragraph 19 of the Complaint, does not infringe any valid copyright rights SRS may have.

### Count III (Declaratory Judgment of Patent Non-Infringement)

21. The Sony entities incorporate by reference, as fully set forth herein, the allegations contained in paragraphs 1 through 20 of this Complaint.

22. SRS is the named assignee of at least 26 U.S. patents, several of which appear on their face to be directed to surround sound technology, including, but not limited to, U.S. Patent Nos. 4,748,669; 4,841,572; 4,866,774; 5,661,808; 5,784,468; 5,892,830;

5,912,976; 6,281,749; 6,590,983; 6,597,791; 6,718,039; 7,031,474; 7,043,031 and 7,200,236.

23.     The manufacture, use, offer for sale, sale, and/or importation of flat screen televisions that include S-Force™ technology by the Sony entities does not infringe any valid patent rights SRS may have.

24.     By reason of the actual and substantial controversy between the Sony entities and SRS, the Sony entities are entitled to a declaratory judgment that their manufacture, use, offer for sale, sale, and/or importation of flat screen televisions that include S-Force™ technology does not infringe any valid SRS patent rights.

### *Prayer for Relief*

WHEREFORE, SEL and Sony Corp. respectfully request:

A.  A Declaratory Judgment that they are not liable for infringing any valid SRS trademark;

B.  A Declaratory Judgment that they are not liable for infringing any valid SRS copyright;

C.  A Declaratory Judgment that they are not liable for infringing any valid SRS patent;

D.  Such further relief as the Court may deem just and proper.

Respectfully Submitted,

KENYON & KENYON

July 6, 2007                By: _____
                                Stuart J. Sinder (SS 6945)
                                Richard S. Gresalfi (RG 0304)
                                One Broadway
                                New York, New York 10004
                                (212) 425-7200

                                Attorneys for Plaintiffs